[No. A018905. First Dist., Div. Three. Aug. 30, 1984.]

CALIFORNIA SCHOOL EMPLOYEES ASSOCIATION et al., Plaintiffs and Respondents, v.
TAMALPAIS UNION HIGH SCHOOL DISTRICT et al., Defendants and Appellants.

## COUNSEL

Breon, Galgani, Godino & O'Donnell, Richard V. Godino and Diana K. Smith for Defendants and Appellants.

Peter A. Janiak, Madalyn J. Frazzini, E. Luis Saenz, Maureen C. Whelan, Siona D. Windsor, Janae H. Novotny, William C. Heath, Marcia Meyers and Harry Gibbons, Jr., for Plaintiffs and Respondents.

## OPINION

**ANDERSON, J.**—California School Employees Association (hereafter CSEA) petitioned the Superior Court of Marin County for a writ of mandate to compel Tamalpais Union High School District (hereafter the District) to pay its classified employees holiday pay for February 13, 1981, plus interest and attorney's fees.

The court tentatively decided in favor of requiring appellant to pay the holiday rate plus interest but denied the prayer for attorney's fees. The court

then entered judgment in favor of CSEA and issued a writ of mandate compelling the District to pay the appropriate wages plus interest. The District appeals.

■ The sole issue presented on appeal is whether the District, in giving its certificated employees February 13, 1981, off, had declared a holiday within the meaning of Education Code[1] section 37222,[2] which obligated it to give a holiday to its classified employees under section 45203.[3] Section 45203 then provided that all holidays given to certificated employees under section 1318 or section 37222 shall be given to classified employees, with certain exceptions.

February 13, 1981, Friday and the day after Lincoln's birthday, was listed as a local holiday on the District's calendar for certificated employees. The District, however, contends that a "holiday" within the meaning of section 45203 was not declared for certificated employees on February 13, 1981. It reads "holiday" under section 37222 to mean a commemoration. However, section 37222 does not define "holiday," but in another context it has been defined as " '(1) a consecrated day, a religious festival; (2) a day on which the ordinary occupations are suspended, a day of exemption, i.e., cessation from work, a day of festivity, recreation, or amusement; and a legal holiday is a day designated and set apart by legislative enactment for one or more of such purposes.' " (*Vidal* v. *Backs* (1933) 218 Cal. 99, 105 [21 P.2d 952, 86 A.L.R. 1134].) Clearly, February 13, 1981, was an exemption or cessation from work and would therefore constitute a "holiday."

---

[1]All statutory references are to the Education Code unless otherwise indicated.

[2]Section 37222 provides: "Notwithstanding any other provision of Sections 37220 to 37231, inclusive, and Section 52370, the governing board of any school district may declare a holiday in the public schools under its jurisdiction *when good reason exists.*" (Italics added.)

[3]At the time section 45203 read in pertinent part: "All probationary or permanent employees a part of the classified service shall be entitled to the following paid holidays provided they are in a paid status during any portion of the working day immediately preceding or succeeding the holiday: . . . any day declared a holiday under Section 1318 or 37222 for classified or certificated employees. School recesses during the Christmas and Easter periods shall not be considered holidays for classified employees who are normally required to work during that period . . . .

" . . . . . . . . . . . . . . . . . . . . .

"The provisions of Article 3 (commencing with Section 37220) of Chapter 2 of Part 22 of this division shall not be construed to in any way limit the provisions of this section, nor shall anything in this section be construed to prohibit the governing board from adopting separate work schedules for the certificated and the classified services, or from providing holiday pay for employees who have not been in paid status on the days specified herein. . . ." (§ 45203 was subsequently changed, eff. Jan. 1, 1982, to provide that mid-February recess periods shall not be considered holidays (Stats. 1981, ch. 198, § 1, p. 1121).)

The fact that the sections subsequent to section 37222 describe commemorative holidays does not support the District's conclusion that governing boards may declare local holidays only to commemorate events.

The District argues that February 13 was not a paid day off for certificated employees and therefore was not a holiday. However, as its own director of personnel admitted, certificated employees are not paid for holidays but only for days worked, so clearly a day off need not be paid in order to be a holiday.[4] For February 13, 1981, to qualify as a paid holiday for classified employees, it need only have been a holiday for certificated employees within the meaning of section 37222—whether or not paid. (57 Ops.Cal.Atty.Gen. 116, 118 (1974).)

The District further contends that since the governing board is empowered under section 45203 to create separate work schedules for certificated and classified employees, it could give certificated employees a work schedule that had February 13, 1981, as a day off while giving classified employees a work schedule that required them to work on that day.

However, in requiring that local governing boards give the same holidays to classified employees as those given to certificated employees, the Legislature obviously attached a different meaning to the phrase "separate work schedule" than has the District. Under the District's interpretation, any day given off to certificated employees might easily be characterized either as holiday or as part of a separate work schedule. The power of local governing boards to create separate work schedules is better read to mean that classified and certificated employees may be scheduled to begin and end work at different times of the year or to have different days off each week.

We believe the trial court has correctly applied the law as it existed on the operative date and therefore affirm the judgment.

White, P. J., and Barry-Deal, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied October 31, 1984.

---

[4]The director of personnel stated in his sworn declaration that "[c]ertificated employees are paid on the basis of days worked. *They received no pay for holidays* or vacation periods." (Italics added.)